PER CURIAM:
The Claimant brought this action for vehicle damage which occurred when her 2008 Pontiac GT6 struck a hole on Mozart Road, designated as County Route 3, in Wheeling, Marshall County. County Route 3 is a public road maintained by the Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:00 p.m. on December 26, 2009. County Route 3 is a paved, two-lane road with a yellow center line and no edge lines. The speed limit is twenty-five miles per hour. The Claimant *172 was driving on Mozart Road when her vehicle struck a hole approximately 1/8 mile from the Mt. Olivet ball park. The Claimant was unable to see the hole before her vehicle struck it because it was dark and the hole was filled with water. As a result of this incident, the Claimant’s vehicle sustained damage to a tire in the amount of $161.25. Since Claimant’s insurance deductible at the time of the incident was $100.00, Claimant’s recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the hole on County Route 3. Rick D. Poe, Highway Administrator for Marshall County, testified that he is familiar with County Route 3 and stated that it is a second priority road in terms of its maintenance. Mr. Poe stated that he did not have notice of the hole at the time of the incident. He stated that the road was in poor condition in December of 2009, and the road has since been re-paved. Mr. Poe testified that during the winter months, cold mix is the only material available to patch holes, and it is a temporary repair.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold the Respondent liable for road defects of this type, a Claimant must prove that the Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the hole which Claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Since County Route 3 was generally in poor condition, the Court finds the Respondent negligent. Thus, Claimant may make a recovery for the damage to her vehicle.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $100.00.
Award of $100.00.